O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILA SHANI ASHA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. ED CV 13-2112 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Jamila Shani Asha Johnson ("Plaintiff") challenges the Social Security Commissioner ("Defendant")'s decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") improperly relied on the vocational expert ("VE") in determining that Plaintiff could perform alternative work. (*See* Joint Stip. at 5-12, 15-16.) Specifically, Plaintiff argues that the ALJ failed to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (*Id.*) The Court agrees with Plaintiff for the reasons discussed below.

A.  The ALJ Erred by Relying on the VE's Testimony

Pursuant to Social Security Ruling ("SSR") 00-4p, when a VE provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative

responsibility to ask about any possible conflict" between that testimony and the DOT and to obtain a reasonable explanation for any apparent conflict. 2000 WL 1898704, at *4 (Dec. 4, 2000). An ALJ may not rely on a VE's testimony without first inquiring whether the testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).

As a rule, neither the DOT nor the testimony of the VE "automatically 'trumps' when there is a conflict." *Id.* at 1153 (footnote omitted). Accordingly, the ALJ must first ascertain whether a conflict exists. *Id.* If so, the ALJ "must then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.*

Here, the ALJ erred by relying on testimony from the VE which, without explanation, deviated from the DOT. Two reasons guide this determination.

First, the VE's testimony that an individual with Plaintiff residual functional capacity ("RFC") could perform work as a sewing machine operator, (DOT 786.682-018), furniture-rental consultant, (DOT 295.357-018), and production solderer, (DOT 813.684-022) conflicted with the DOT. (*See* Administrative Record ("AR") at 50, 71.) Specifically, in her RFC determination, the ALJ found that Plaintiff retained the ability to perform a range of light work with "no overhead reaching with either extremity," among other limitations. (*Id.* at 68.) Nevertheless, according to the DOT, the physical demands of the jobs identified by the VE all include at least some overhead reaching. *See* DOT 786.682-018, 1991 WL 681010 (sewing machine operator requires constant reaching), DOT 739.687-030, 1991 WL 672589 (furniture-rental consultant requires occasional reaching), DOT 295.357-018 1991 WL 681592 (production solderer requires frequent reaching).[1/]

In this context, reaching means "extending the hands and arms in *any*

---

[1/] "Occasional" means occurring up to 1/3 of the day, "frequent" means from 1/3 to 2/3 of the day, and "constant" means for 2/3 or more of the day. *See* SSR 83–10, 1983 WL 31251, at *6; DOT 739.687–030, 1991 WL 680180.

1  direction." SSR 85-15, 1985 WL 56857, at *7 (emphasis added). Contrary to
2  Defendant's assertion that the descriptions of the identified jobs do not specify what
3  types of reaching are required, (*see* Joint Stip. at 15), *all* of them contemplate
4  significant potential reaching above the shoulders. Accordingly, an apparent conflict
5  existed between the DOT's occupational definition of the sewing machine operator,
6  furniture rental consultant, and production solderer positions, and the VE's
7  testimony that Plaintiff could perform such work.

8  Second, because the VE did not acknowledge the apparent conflict between
9  her testimony and the DOT, neither the VE nor the ALJ attempted to explain or
10 justify the deviation. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)
11 (An ALJ may rely on VE testimony that "contradicts the DOT, but only insofar as
12 the record contains persuasive evidence to support the deviation."); *Massachi*, 486
13 F.3d at 1153. This was error. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th
14 Cir. 2008) (ALJ erred in relying on VE testimony that deviated from DOT because
15 "ALJ did not identify what aspect of the VE's experience warranted deviation from
16 the DOT, and did not point to any evidence in the record other than the VE's sparse
17 testimony for the deviation."). In the absence of clear evidence in the record to
18 support the deviation, the Court "cannot determine whether the ALJ properly relied
19 on [the VE's] testimony." *Massachi*, 486 F.3d at 1154. Thus, the Court finds that
20 the ALJ's decision was not supported by substantial evidence.[2]

21  B.  <u>Remand is Warranted</u>

22  With error established, this Court has discretion to remand or reverse and
23 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
24 useful purpose would be served by further proceedings, or where the record has been

---

[2] The Commissioner argues that the ALJ's error was harmless because the VE identified additional positions that Plaintiff could perform. (Joint Stip. at 15.) However, those positions, including tube operator, (DOT 239.687-014), telephone quotation clerk, (DOT 237.367-046), and addresser, (DOT 209.587-010), also require "frequent" reaching. (S*ee* AR at 50-51.)

fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the error described above, the ALJ shall reevaluate the testimony of the VE, and obtain a reasonable explanation for any conflict between that testimony and the DOT, specifically with respect to Plaintiff's preclusion from overhead reaching. *See, e.g., Hernandez v. Astrue*, 2011 WL 223595, at *5 (C.D. Cal. 2011).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: November 18, 2014

_____

Hon. Jay C. Gandhi
United States Magistrate Judge